# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

|  |  |
|---|---|
| JORGE NUNEZ, | Case No. CV 12-04839-AB (DFM) |
| Petitioner, | Order Accepting Report and Recommendation of United States Magistrate Judge |
| v. |  |
| CONNIE GIBSON, |  |
| Respondent. |  |

Under 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Instead of objections, Petitioner filed a "Motion to Stay Proceeding to Allow a State Decision Which Will Remove Procedural Default." Dkt. 87 ("Motion to Stay"). Almost two months later, Petitioner filed late objections to the Report and Recommendation. See Dkt. 93. Petitioner also renewed his motion to stay. See Dkt. 95 ("Second Motion to Stay"). The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.

For the reasons below, the Court denies Petitioner's Motion to Stay and accepts the report, findings, and recommendations of the Magistrate Judge.

# I. BACKGROUND

In 2008, Petitioner was convicted of three counts of attempted murder, two counts of discharging a firearm at an occupied motor vehicle, and one count of discharging a firearm at an inhabited dwelling, with firearm and gang enhancements. See Dkt. 77, 3 Reporter's Transcript ("RT") 1832-42. He was sentenced to 170 years to life in state prison. See 3 RT 2137. At sentencing, Petitioner was represented by attorney Walter Urban. See 3 RT 2101.

In 2016, Petitioner filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 45. Among other things, he argued that his sentence violated the Eighth Amendment and that Urban and appellate counsel provided constitutionally ineffective assistance of counsel for failing to raise this argument. See id. at 4-5. The Court dismissed these claims as untimely and permitted Petitioner to proceed on his remaining ineffective assistance of counsel claims. See Dkt. 73, 75. On November 21, 2018, the assigned Magistrate Judge recommended denying the surviving claims. See Dkt. 80.

Charles Khoury represents Petitioner in these federal habeas corpus proceedings. According to Khoury, Petitioner called him in November 2018 to say that he was being "resentenced." Dkt. 87 at 5. Petitioner asked Khoury to represent him at the hearing, but Khoury was unable to travel due to his wife's illness. See id. Petitioner appeared in Los Angeles County Superior Court on November 29, 2018; Urban again represented Petitioner. See Dkt. 89-2 (transcript of hearing); see also Dkt. 92-1 at 7.

According to the transcript of that hearing, the California Department of Corrections had alerted the Superior Court that the trial court had not "appropriately" sentenced Petitioner in 2008 on counts 3 (attempted murder), 4 (attempted murder), 5 (shooting at an occupied motor vehicle), and 7 (attempted murder). Id. at 3. The Superior Court reviewed the sentencing

transcript and concluded that the trial court had in fact correctly sentenced Petitioner on counts 3, 4, and 5, but that the "clerk did not enter the correct sentence into the minute order." Id. at 4. As for count 7, the Superior Court concluded that it was "not clear," because the trial court had alluded to a gang enhancement but did not specifically "say 15 years to life." Id. Thus, the Superior Court concluded that it appeared "to be clerical error . . . mostly." Id. Thus, for counts 3, 4, and 5, the Superior Court would merely "reshuffl[e]" the sentence, and for count 7, the minute order and amended abstract of judgment would reflect "15 years to life plus 20 years." Id. at 4-5.[1]

On February 21, 2019, Khoury filed a motion to recall Petitioner's sentence under California Penal Code § 1170(d). See Dkt. 89-1 at 2-10.[2] Khoury argued that Urban should have argued that Petitioner's sentence violated the Eighth Amendment's proscription against cruel and unusual punishment. See id.

On March 14, 2019, the Superior Court held a hearing on Petitioner's motion to recall. See Dkt. 91-1 (minute order); see also Dkt. 92-1 (transcript). Khoury appeared on behalf of Petitioner. The Superior Court noted at the outset that the November 29, 2018 hearing had not resulted in a resentencing that would trigger reconsideration under § 1170(d). See Dkt. 92-1 at 2-3. The

---

[1] The Court does not have in its possession the original judgment or minute order. However, according to the sentencing transcript, the trial judge sentenced Petitioner in 2008 to a "total sentence on count 7" of "20 years to life." 3 RT 2136. Separately in the hearing, the trial court noted that because of the gang allegation on count 7, Petitioner would serve a minimum of 15 years before being paroled. See 3 RT 2135.

[2] Cal. Penal Code § 1170 (d) permits courts under certain circumstances to recall a sentence and resentence a defendant. Such a proceeding must occur within 120 days of the date of commitment.

Superior Court repeatedly stated that it was denying Petitioner's motion to recall with respect to the Eighth Amendment argument. See id. at 8-10. The Superior Court instead construed Petitioner's arguments as a petition for a "Franklin hearing" and a petition for resentencing under Cal. Penal Code § 1170.95 or Senate Bill 1437. See id. at 9-10.[3] Khoury asked the state court to reconsider its denial, because by "having a resentence," Petitioner's Eighth Amendment claim would "suddenly [be] timely" in federal court. Id. at 11. The Superior Court refused to grant the motion "just for that purpose." Id. The Superior Court pointed out that while the Franklin hearing would not change the sentence, Petitioner could file another state habeas petition (for example, under SB 1437) that led to a new federal habeas petition. Id. at 11-12. The Superior Court affirmed that the hearing on November 29, 2018 hearing was not a resentencing under § 1170(d). See id. at 12-13, 15. The Superior Court therefore denied without prejudice Petitioner's motion to recall, in case Khoury wanted to "revisit it" at the June 2019 hearing on the forthcoming habeas petition for a Franklin hearing and petition to recall Petitioner's sentence under SB 1437. See id. at 19.

## II.  LAW

United States district courts have inherent authority to stay proceedings, for the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co.,

---

[3] In People v. Franklin, 63 Cal. 4th 261 (2016), the California Supreme Court remanded the case for a hearing to determine whether the defendant was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing. Penal Code § 1170.95 permits persons convicted of murder under a natural and probable consequences theory to request resentencing. Apparently, California courts have not yet ruled on whether this extends to attempted murder.

299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before it." Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). In exercising its discretion, a court must evaluate the competing interests affected by either granting or refusing a stay, including "the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted). A court must "balance the length of the stay against the strength of the justification given for it." Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite," a court should "require a greater showing to justify it." Id.

The party proposing a stay bears the burden of proving a stay is warranted under the discretionary Landis factors. Clinton v. Jones, 520 U.S. 681, 708 (1997).

### III.    DISCUSSION

Petitioner offers various justifications and parameters for his stay request, including:

- A 90-day stay "to allow petitioner to put before the California state courts a motion to recall the resentence which occurred in this case in December 2018" (Dkt. 87 at 2);

- A stay to "allow exhaustion to occur of an issue that was unexhausted due to ineffective assistance of counsel" (id. at 4);

- A stay until "the California state courts have ruled [in a final manner] on the issue of petitioner Jorge Nunez's resentence" (id. at 5);

- A stay "to allow a state decision which would remove a procedural default" (Dkt. 89 at 1); and

- A stay "to make timely what was previously, in the R&R, ruled untimely, the issue of cruel and unusual punishment" (id. at 2).

From this, the crux of Plaintiff's request is the notion that Petitioner either has or will be resentenced, resulting in a new judgment that would restart the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") statute of limitations for Petitioner's independent Eighth Amendment claim and his related ineffective assistance of counsel claim.

In certain circumstances, an amended judgment can re-start the AEDPA limitations period. See Gonzalez v. Sherman, 873 F.3d 763, 769 (9th Cir. 2017) (holding that petition was not successive due to intervening judgment altering number of presentence credits to which petitioner was entitled); see also Marquez v. McDaniel, 729 F. App'x 583 (9th Cir. 2018) (holding that one-year period runs from the date of amended judgment). "Correcting a scrivener's error in the abstract of judgment does not lead to a new judgment because the judgment itself does not change, only the written record that erroneously reflects that judgment." Gonzalez, 873 F.3d at 772.

Here, the competing interests affected by either granting or refusing a stay weigh against Petitioner, who had the burden of showing that a stay is warranted. This case is over seven years old and on the brink of disposition. Petitioner, it appears, wants a stay to pursue various appeals or petitions through the California court system (assuming he fails in his pursuit of resentencing), which could take months if not years. Petitioner has not explained what hardship or inequity he would face if required to go forward in

this case. If the November 29, 2018 hearing resulted from mere clerical errors—i.e., did not result in a new judgment that would restart the AEDPA clock—then the Court's original untimeliness finding stands. If, on the other hand, Petitioner was or will be resentenced and the clock <u>does</u> restart, then Petitioner can file a new federal habeas petition after the judgment is amended, assuming he does so in a timely fashion and complies with other procedural requirements. <u>See Magwood v. Patterson</u>, 561 U.S. 320, 341-42 (2010) (noting that second-in-time habeas petition is not "second or successive" if petition challenges "new judgment intervening between the two habeas petitions" (quoting <u>Burton v. Stewart</u>, 549 U.S. 147, 156 (2007)); <u>see also</u> <u>Wentzell v. Neven</u>, 674 F.3d 1124, 1127 (9th Cir. 2012) (noting that exception applies even if "amended judgment left the convictions and sentences on [other] counts unchanged, and the second petition challenges those unaltered components of the judgment"). In short, Petitioner presents no compelling reason for a stay in this aging case.

## IV. ORDER

IT IS THEREFORE ORDERED that Petitioner's motions for a stay are denied and that Judgment be entered denying the First Amended Petition with prejudice.

Date: September 4, 2019

_____
ANDRÉ BIROTTE JR.
United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge